# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:10-CV-97-RLV-DCK

| | |
|---|---|
| **MISTIE BEACH PARKER,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION AND** |
| **D. R. KINCAID CHAIR CO., INC.,** | ) **ORDER**<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Extension Of Time To File Its Reply And Respond To Plaintiff's First Amended Complaint" (Document No. 8) filed September 1, 2010. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. After reviewing the case carefully, in addition to resolving the motion at hand, the Court feels compelled to address several issues *sua sponte*, including the amended complaint and the motion to dismiss. The Court concludes the motion for extension should be granted, with modification.

## THE AMENDED COMPLAINT

The docket sheet for this case reflects the Plaintiff filed an Amended Complaint (Document No. 7) on August 27, 2010. Purportedly, the Plaintiff intended to file the Amended Complaint as a "matter of course" pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. That rule, as amended in 2009, provides that "a party may amend its pleading once as a matter of course within (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service . . .of a motion under Rule 12(b)." Because more than 21 days passed between the filing of the Defendant's Motion to Dismiss (July 26, 2010) and the filing of the Amended

Complaint (August 27, 2010), it appears this was not properly an amendment as a "matter of course." Rather, it appears to the Court under the facts of this case that amendment was possible only with leave of the Court pursuant to Rule 15(a)(2).

The Court notes that the Plaintiff did not seek leave to file the Amended Complaint, nor did the Defendant object to the filing of the Amended Complaint on this basis. Notwithstanding, in order to clarify the record, the Court *sua sponte* will grant leave to the Plaintiff to file the Amended Complaint consistent with Rule 15(a)(2). Therefore, lest there be any confusion, the Amended Complaint in the case will be deemed as properly filed.

### EXTENSIONS OF TIME

In its motion for extension of time, the Defendant seeks an extension for two purposes–first, for the filing of a reply to the Plaintiff's response to the Defendant's motion to dismiss; and second, for the filing of an answer to the Plaintiff's Amended Complaint addressed above. As indicated in the motion, the Defendant's request is unopposed, and the Defendant seeks a new deadline of September 17, 2010 for both of the aforementioned pleadings. In light of the circumstances, the Court will grant the request for an extension through September 17, 2010 for the filing of the Defendant's answer to the Amended Complaint. As explained in greater detail below, the Court will recommend that the Defendant's motion to dismiss be denied as moot without prejudice, and therefore, the request for additional time for a reply is thus unnecessary.

### MOTION TO DISMISS

After the Defendant moved to dismiss the Plaintiff's Complaint, Plaintiff filed an "Amended Complaint" as addressed above. (Document No. 7). It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Accord Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001)

("[t]he general rule ....is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

"A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990); and see, e.g., Brown v. Sikora and Associates, Inc., 2008 WL 1751934, *3 (4th Cir. (S.C.)); Atlantic Skanska, Inc., 2007 WL 3224985, *4 (W.D.N.C.); Hi-Tech, Inc. v. Rising, 2006 WL 1966663, *3 (W.D.N.C. July 11, 2006). Therefore, because the Plaintiff has filed an Amended Complaint which supersedes the initial Complaint, the undersigned respectfully recommends that the Defendant's Motion to Dismiss (Document No. 2) be denied as moot. This recommendation is without prejudice to the Defendant filing another motion to dismiss the Amended Complaint if it so desires. For obvious reasons, the Defendant need not file the reply for which it seeks additional time.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Extension Of Time To File Its Reply And Respond To Plaintiff's First Amended Complaint" (Document No. 8) is **GRANTED**, with modification. Defendant shall have through September 17, 2010 to file its answer to the Plaintiff's Amended Complaint. The Defendant need not file a reply to the Plaintiff's response to the Defendant's motion to dismiss.

**IT IS FURTHER ORDERED**, *sua sponte*, that leave be given to the Plaintiff to file her Amended Complaint in this matter, and that the Plaintiff's Amended Complaint be deemed properly filed.

**IT IS HEREBY RECOMMENDED,** based on the foregoing, that the Defendant's Motion to Dismiss in the case (Document No. 2) be **DENIED AS MOOT**, without prejudice.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties and the Honorable Richard L. Voorhees.

Signed: September 3, 2010

David C. Keesler
United States Magistrate Judge