# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO: 5:10-CV-97-RLV-DCK

| | |
|---|---|
| MISTIE BEACH PARKER, | ) |
| Plaintiff, | ) |
| v. | ) **CONSENT PROTECTIVE ORDER** |
| D. R. KINCAID CHAIR CO., INC., | ) |
| Defendant. | ) |

Plaintiff MISTIE BEACH PARKER and Defendant D.R. KINCAID CHAIR CO., INC. hereby agree to the following Consent Protective Order:

1. This Consent Protective Order shall remain in effect for the duration of the above-captioned litigation, unless otherwise ordered by the Court or agreed by the parties. This Consent Protective Order governs the production of documents by any party.

2. The purpose of this Consent Protective Order is to protect against the unnecessary disclosure of confidential information. Information and documents protected by this Consent Protective Order shall include: (1) all information and documents that refer to, reflect upon or relate to trade secrets or other confidential proprietary technical, business, or financial information that is not generally known to the public; (2) all information and documents that refer to, reflect upon or relate to any current or former employee, officer or member of Defendant D.R. Kincaid Chair Co., Inc. other than Plaintiff that are designated as "confidential" by the parties in this action; (3) Plaintiff's medical or financial information not generally available to the

public; and (4) any other information and documents that are designated as "confidential" by the parties in this action. The information and documents protected by this Consent Protective Order shall be referred to as "protected materials." The restrictions contained herein regarding disclosure of protected materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this litigation that contain or refer to the materials or information contained therein.

3. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the protected materials, whether pursuant to request, interrogatory, process or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

4. Information and documents deemed "confidential" pursuant to this Consent Protective Order shall be designated by stamping or otherwise affixing to the information or documents the label "CONFIDENTIAL."

5. Protected materials shall not be disclosed in any manner, directly or indirectly, to any person or entity except as provided below:

(a) <u>Parties and Persons Assisting Counsel</u>: Protected materials may be disclosed to:

    (i)    plaintiff and defendant;

    (ii)    attorneys in partnership or associated with the parties' counsel;

    (iii)    clerks, paralegals, secretaries and all other agents in the employ of or associated with the parties' counsel;

(iv) experts and professional consultants who have been retained by any party or the parties' counsel and who have a need to know said protected materials in order to assist counsel in this litigation, including preparation for trial; and

(v) the parties' witnesses.

Such disclosures may be made only after those to whom disclosure is made consent that they will be bound by this Consent Protective Order. With respect to disclosure to the Plaintiff herself, her experts and professional consultants, or her witnesses at trial, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Consent Protective Order. The signed Acknowledgment forms will be mailed by Plaintiff's counsel to Defendant's counsel immediately upon execution.

(b) <u>The Court and Persons Assisting the Court</u>

Protected materials may be disclosed to:

(i) the Court;

(ii) the Clerk of the Court for the United States District Court for the Western District of North Carolina, Statesville Division; and

(iii) clerks, secretaries, and all other agents in the employ of or associated with the Court or the Clerk of the Court for the United States District Court for the Western District of North Carolina, Statesville Division.

(c) <u>Use and Filing of Protected Materials</u>

Nothing in this Consent Protective Order shall limit the right of the parties to use protected materials for purposes of this litigation, including in any pleadings, memoranda, briefs, exhibits or other documents that may be prepared in connection with this litigation.

6. In the event that any protected materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits under seal. Such transcripts, exhibits, and the information contained therein shall remain protected under this Consent Protective Order regardless of whether the parties' counsel exercises the option provided by this subparagraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "confidential."

7. This Consent Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this litigation.

8. The parties agree that documents produced in this litigation shall only be used for purposes of this litigation and shall not be used for any other purpose.

9. In the event that a party's present counsel ceases to act as counsel in this litigation, all protected materials, including any copies, excerpts, analyses or summaries thereof shall be returned to opposing counsel (with the exception of any such materials that contain attorney work product, which may be destroyed), unless the new counsel consents in writing to be bound by the terms of this Consent Protective Order within seven (7) days of his or her retention.  It is understood, however, that the party's present counsel may keep copies of the confidential information pursuant to the State Bar rules for retention of records and consistent with any recommendations of liability carriers, and/or pursuant to that counsel's standard file

retention policies for similar matters. The new counsel shall not use the protected materials provided to the withdrawing counsel unless and until he or she consents in writing to be bound by the terms of this Consent Protective Order.  In the event the withdrawing counsel possesses attorney work product containing or referring to protected materials, such attorney work product shall remain subject to the restrictions set forth in Paragraph 5 above or in the alternative may be destroyed.

10. At the conclusion of the litigation, the parties' counsel may keep copies of the confidential information pursuant to the State Bar rules for retention of records, consistent with any recommendations of liability carriers, and/or pursuant to that counsel's standard file retention policies for similar matters.

11. The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Consent Protective Order upon a showing of good cause.

12. Any violation of the terms of this Consent Protective Order may, in the discretion of the Court, be found to constitute contempt and may result in sanctions to be fixed by the Court in its discretion.  Before seeking judicial relief, the party moving for sanctions shall confer or attempt to confer in good faith with the opposing party in an effort to resolve the alleged violation of the Consent Protective Order.

Signed: September 6, 2011

David C. Keesler
United States Magistrate Judge

This Consent Protective Order is agreed to by the undersigned parties:


s/ Geraldine Sumter
N.C. Bar No: 28122
FERGUSON, STEIN, CHAMBERS
GRESHAM & SUMTER, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC  28204
Telephone:     704-375-8461
Facsimile:      704-334-5654
E-mail:  gsumter@fergusonstein.com


/s/Lareena J. Phillips
N.C. Bar No:  36859
FERGUSON, STEIN, CHAMBERS
GRESHAM & SUMTER, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC  28204
Telephone:     704-375-8461
Facsimile:      704-334-5654
E-mail:  lphillips@fergusonstein.com



/s/Mike Thomas
Mike P. Thomas
N.C. Bar No:  11107
Patrick, Harper & Dixon L.L.P.
PO Box 218
Hickory, NC 28603
Telephone:     828-322-7741
Facsimile:      828-322-9340
E-mail:           mthomas@phd-law.com


/s/Susan W. Matthews
Susan W. Matthews
N.C. Bar No:  11107
Patrick, Harper & Dixon L.L.P.
PO Box 218
Hickory, NC 28603
Telephone:     828-322-7741
Facsimile:      828-322-9340
Email:  smatthews@phd-law.com

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO: 5:10-CV-97

| | |
|---|---|
| MISTIE BEACH PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>D. R. KINCAID CHAIR CO., )<br>INC., )<br>Defendant. )<br>_____) | **ACKNOWLEDGEMENT** |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above captioned matter have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED:_____  _____
                                                                                     Print Full Name

                                                                                     _____
                                                                                     Signature

Signed in the presence of:

_____
(Attorney)